DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SLOAN HEFFRON (CABN 285347)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    Fax: (415) 436-7027
    Sloan.heffron@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-700 RS |
| Plaintiff, | [PROPOSED] DETENTION ORDER |
| v. | |
| FROYLAN SANCHEZ,<br>  a/k/a Froylan Azhea Martinez-Sanchez,<br>  a/k/a Daniel Sanchez Bustos, | |
| Defendant. | |

On December 17, 2019, Defendant Froylan Sanchez was charged by indictment with violations of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) (conspiracy to distribute and possess with intent to distribute controlled substances) and 21 U.S.C. § 841(a)(1) and (b)(1)(C) (distribution of a controlled substance). In December 2019, the United States Pretrial Services Office prepared a written report which discussed, among other things, Mr. Sanchez's criminal history and potential sureties. On December 18, 2019, Mr. Sanchez waived his right to a hearing and findings with respect to detention, without prejudice.

This matter came before the Court on April 27, 2020, for a detention hearing. With Mr. Sanchez's consent, the Court conducted the hearing telephonically due to the ongoing COVID-19 outbreak. Mr. Sanchez appeared telephonically and was represented by Assistant Federal Public

[PROPOSED] DETENTION ORDER
CR 19-700 RS

1

Defender Candis Mitchell, who also appeared telephonically. Assistant United States Attorney Sloan Heffron appeared telephonically for the government. Prior to the hearing, the government filed a written motion for detention. Additionally, the United States Pretrial Services Office prepared a written addendum which discussed additional potential sureties. At the hearing, counsel submitted proffers and arguments regarding detention.

The Court has carefully considered the information contained in the report and addendum prepared by Pretrial Services, the government's written motion for detention, and the proffers and arguments made by the government and counsel for Mr. Sanchez. For the reasons set forth below, as well as those stated on the record on April 27, 2020, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Mr. Sanchez's appearance as required, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the Court orders Mr. Sanchez detained pending trial in this matter.

## I.   LEGAL STANDARD

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. Facts used to establish a finding that a defendant poses a risk of flight pending trial must be shown by a preponderance of evidence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). "A finding that a defendant is a danger to any other person or the community must be supported by clear and convincing evidence." *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008); 18 U.S.C. § 3142(f)(2)(B). In reaching its decision, the Court considers information regarding:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

Of these four factors, the weight of the evidence against the defendant is the least important. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Where, as here, a judicial officer finds that there is probable cause to believe that a defendant committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," it "shall be presumed that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). This rebuttable presumption imposes on defendants a burden of production; the burden of persuasion concerning the risk of flight and dangerousness remains with the government. *Hir,* 517 F.3d at 1086.

## II. DISCUSSION

At the April 27, 2020 detention hearing, defense counsel sought Mr. Sanchez's release from custody so that he may reside in Bakersfield with one of his sisters and her family pending trial. Counsel cited the fact several of Mr. Sanchez's relatives advised Pretrial Services that they would be willing to sign an unsecured appearance bond for Mr. Sanchez. Counsel also reported that Mr. Sanchez experienced a head injury prior to his arrest in this case, and that Mr. Sanchez has experienced dizziness while incarcerated at Santa Rita Jail.

In response, the government noted that Pretrial Services has twice recommended that Mr. Sanchez be detained as both a flight risk and a danger to the community. The government cited Mr. Sanchez's criminal history, which includes three felony convictions, including a 2008 felony conviction for burglary that Mr. Sanchez committed while on bail / own recognizance release. The government noted that Mr. Sanchez has three prior deportations and had multiple outstanding warrants at the time he was arrested in this case. The government reported that, while searching a bedroom Mr. Sanchez allegedly shared with his significant other and her two young children, agents found methamphetamine and a fraudulent social security card in Mr. Sanchez's name. As to the issue of COVID-19, the government noted that Mr. Sanchez is 30 years-old, has no medical conditions that render him particularly vulnerable, and previously advised Pretrial Services that he was in good health.

After hearing from both parties and considering the reports prepared by U.S. Pretrial Services as well as the government's written motion, the Court finds by a preponderance of the evidence that Mr. Sanchez poses a risk of flight pending trial, and by clear and convincing evidence that Mr. Sanchez poses a danger to any other person or the community. The Court further finds that no condition or

combination of conditions will reasonably adequately mitigate these risks.  In addition to the facts cited by the government, the Court notes that Mr. Sanchez has three prior felony convictions and prior failures to appear.  The Court is appreciative that members of Mr. Sanchez's family are supportive and have expressed a willingness to serve as co-signers on bond.  However, in view of Mr. Sanchez's history and characteristics, the Court does not believe that such a bond would reasonably assure the safety of the community or Mr. Sanchez's appearance should he be released.  Accordingly, Mr. Sanchez must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the April 27, 2020 detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).  These findings are made without prejudice to Defendant Froylan Sanchez's right to seek review of his detention, or file a motion for reconsideration if circumstances warrant it.

### III.    CONCLUSION

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.     Defendant Froylan Sanchez be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.     Defendant Froylan Sanchez be afforded reasonable opportunity for private consultation with counsel; and

3.     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant Froylan Sanchez is confined shall deliver the Defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 28, 2020

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge