```
DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SLOAN HEFFRON (CABN 285347)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Sloan.heffron@usdoj.gov

Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-700 RS |
| Plaintiff, | STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| FROYLAN SANCHEZ,<br>    a/k/a Froylan Azhea Martinez-Sanchez,<br>    a/k/a Daniel Sanchez Bustos, and | |
| JOSE IVAN SANCHEZ, | |
| Defendants. | |

The parties were previously scheduled to appear before the Court on April 28, 2020 at 2:30 p.m., for a status conference. By prior order of the Court, time was exlcuded under the Speedy Trial Act through April 28, 2020, to ensure the effective preparation of counsel. Dkt. 23.

On March 15, 2020, counsel for defendant Froylan Sanchez filed a motion to continue all in-court appearances in this case to a date after May 1, 2020. Dkt. 25. Neither the government nor counsel for co-defendant Jose Ivan Sanchez opposed the March 15 motion. On March 17, 2020, the status conference set for April 28, 2020 was continued to May 19, 2020 at 2:30 p.m. Dkt. 26.

For the reasons discussed below, the United States, together with defendants Froylan Sanchez

STIPULATION AND [PROPOSED] ORDER

1

and Jose Ivan Sanchez, hereby moves this Court for an Order continuing the May 19, 2020 status conference to June 9, 2020 at 2:30 p.m., and excluding time under the Speedy Trial Act, 18 U.S.C. § 3161, from April 28, 2020 to June 9, 2020.

      **A.**    **An Exclusion of Time in this Case is Justified Under 18 U.S.C. § 3161(h)(7)(A)**

Under 18 U.S.C. § 3161(h)(7)(A), the Court may appropriately exclude time "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance and exclude time in such circumstances. *See, e.g.*, *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

On March 16, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72, In Re: Coronavirus Disease Public Health Emergency. General Order No. 72 sets forth the Court's findings that—in light of the National Emergency declared by the President of the United States; the California Governor's declaration of a State of Emergency; recommendations by the Centers for Disease Control and Prevention (CDC) and other public health departments to avoid large gatherings of people and to particularly avoid person-to-person contact among the elderly and other vulnerable populations; the California Governor's state-wide shelter-in-place order; additional shelter-in-place orders issued by local public health departments; the Court's consideration of the various interests implicated by the COVID-19 outbreak, "including: the health of jurors, witnesses, parties, attorneys, the public, court staff, Probation and Pretrial Services staff, chambers staff, and judges; the constitutional rights of criminal defendants and other parties; and the public's interest in, and the court's duty to ensure, the effective and expeditious administration of justice"; and the Court's reduced ability to obtain an adequate spectrum of jurors and the limitations on availability of counsel and court staff to be present in the courtroom based on COVID-19 and responses to the public health emergency—the ends of justice are served by ordering the continuances of trials commencing before May 1, 2020, and by postponing appearances with the defendant's consent.

On March 23, 2020, the Court closed the San Jose courthouse entirely until April 7, 2020. General Order 73 (amended). On March 25, 2020, the Court also closed the Oakland and Eureka/McKinleyville courthouses. *Id.* On April 30, 2020, the Court issued General Order No. 72-2, which incorporated the findings of General Order 72 and effectively extended the orders set forth in General Order 72 until June 1, 2020.

General Order 72-2 found that the ends of justice served by ordering continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). The parties, through their counsel of record, hereby stipulate that General Order 72-2 applies to the above-captioned case, specifically. COVID-19 is a global pandemic. To avoid the spread of COVID-19, the state of California is currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020). A number of other states have also ordered people to stay at home. https://www.cnn.com/2020/03/23/us/coronavirus-which-states-stay-at-home-order-trnd/index.html. These realities hamper counsels' ability to meet with the defendants, relevant personnel, and potential witnesses. Counsel for each defendant still need to conduct additional in-person meetings with their respective clients in order to review the discovery in this case—a considerable portion of which consists of audio recordings. Such meetings cannot be effectively accomplished through phone or video conference. The parties believe that it would be more productive to appear before the Court in early June so that counsel for the defendants have additional time to meet with their respective clients. Additional time is therefore requested to allow such meetings to take place.

Additionally, the government anticipates making an additional production of discovery in the coming week. All parties agree that defense counsel will need additional time to review the additional discovery the government intends to produce.

**B.  The Parties Stipulate to a Continuance and to the Exclusion of Time**

In light of these considerations, the parties hereby stipulate and respectfully request that the status conference currently scheduled for May 19, 2020 at 2:30 p.m. be continued to June 9, 2020 at 2:30 p.m. The parties further stipulate and respectfully request that the time between April 28, 2020 and

STIPULATION AND [PROPOSED] ORDER

1  June 9, 2020 be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and
2  (h)(7)(B)(iv), nunc pro tunc.  The parties stipulate that the ends of justice served the granting of such
3  continuance outweigh the best interest of the public and the defendants in a speedy trial, and that a
4  failure to grant the requested exclusion of time would unreasonably deny counsel the reasonable time
5  necessary for effective preparation, taking into account the exercise of due diligence.

         IT IS SO STIPULATED.

DATED: May 4, 2020                          DAVID L. ANDERSON
                                            United States Attorney

                                             /s/
                                            SLOAN HEFFRON
                                            Assistant United States Attorney


                                             /s/
                                            CANDIS MITCHELL
                                            Counsel for Defendant Froylan Sanchez


                                             /s/
                                            JULIA JAYNE and ASHLEY RISER
                                            Counsel for Defendant Jose Sanchez

**ORDER**

Based on the assertions and agreement of the parties, as set forth in the stipulation dated May 4, 2020, as well as for the reasons set forth in this Court's General Order No. 72-2, this Court finds that a continuance of the status conference from May 19, 2020 to June 9, 2020 at 2:30 p.m. is warranted. The Court further finds that the ends of justice served by excluding time from April 28, 2020 through June 9, 2020 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial, and that a failure to exclude time during this period would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(7)(A), (B)(iv).

Accordingly, IT IS HEREBY ORDERED that the status conference in the above-captioned matter now set for May 19, 2020 be continued to June 9, 2020 at 2:30 p.m. IT IS FURTHER ORDERED that the time from April 28, 2020 through June 9, 2020 shall be excluded from computation under the Speedy Trial Act nunc pro tunc. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

IT IS SO ORDERED.

DATED: May 5, 2020

HONORABLE RICHARD SEEBORG
United States District Judge