DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SLOAN HEFFRON (CABN 285347)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Sloan.heffron@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 19-700 RS |
| ) | |
| Plaintiff, ) | STIPULATION AND ORDER CONTINUING |
| ) | STATUS CONFERENCE AND EXCLUDING TIME |
| v. ) | UNDER THE SPEEDY TRIAL ACT |
| ) | |
| FROYLAN SANCHEZ, ) | |
|   a/k/a Froylan Azhea Martinez-Sanchez, ) | |
|   a/k/a Daniel Sanchez Bustos, and ) | |
| ) | |
| JOSE IVAN SANCHEZ, ) | |
| ) | |
| Defendants. ) | |

    The parties are scheduled to appear before the Court on June 9, 2020 at 2:30 p.m. for a status conference. As discussed below, the parties hereby stipulate and respectfully request that the Court order that the status conference presently scheduled for June 9, 2020 at 2:30 p.m. be continued to July 21, 2020 at 2:30 p.m., and that time between June 9, 2020 and July 21, 2020 be excluded under the Speedy Trial Act. 18 U.S.C. § 3161.

    **A.**     **An Exclusion of Time in this Case is Justified Under 18 U.S.C. § 3161(h)(7)(A)**

    Under 18 U.S.C. § 3161(h)(7)(A), the Court may appropriately exclude time "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Although the Speedy Trial Act does not

STIPULATION AND [PROPOSED] ORDER

1

directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance and exclude time in such circumstances. *See, e.g.*, *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

On May 21, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72-3, In Re: Coronavirus Disease Public Health Emergency. General Order No. 72-3 supersedes the Court's General Order No. 72-2, and sets forth the Court's finding that—in light of the ongoing national public health emergency—"[a]ppearances before the district judges may be waived or postponed, or may be conducted by telephone or videoconference." General Order 72-3 further provides that, "[f]or the month of June, in-court proceedings are permitted only for 1) guilty pleas, 2) sentencings, and 3) evidentiary hearings requiring witness testimony (such as motions to suppress or supervised release evidentiary hearings)," regardless of a defendant's custodial status.

General Order 72-3 extends the Court's postponement of criminal jury trials through June 30, 2020. The Order further directs "[e]ach judge assigned to a criminal trial scheduled before July 1, 2020 will make appropriate findings and enter an order tolling time under the Speedy Trial Act."

The parties stipulate that the ends of justice are served by ordering a continuance in this case outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). COVID-19 is a global pandemic. On March 19, 2020, to avoid the spread of COVID-19, the State of California issued a shelter in place order and directed persons in California to "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020). In recent weeks, the State's shelter in place order has been modified, and health officials in various counties have rolled-out less restrictive public health measures. Within the Northern District of California, these changes have been gradual and limited.

These realities have continued to hamper defense counsel's ability to meet with the defendants and with relevant personnel. Additionally, in early May, the government made a second production of discovery in this case. Counsel for each defendant still need to conduct additional in-person meetings with their respective clients in order to review the discovery in this case—a considerable portion of

STIPULATION AND [PROPOSED] ORDER

which consists of audio recordings and related transcripts. Such meetings cannot be effectively accomplished through phone or video conference. The parties believe that it would be more productive to appear before the Court in July so that defense counsel may have additional time to meet with their respective clients and review the discovery. This will also provide the parties with an opportunity to meaningfully discuss potential resolutions of this case.

### B. The Parties Stipulate to a Continuance and to the Exclusion of Time

In light of these considerations, the parties hereby stipulate and respectfully request that the status conference currently scheduled for June 9, 2020 at 2:30 p.m. be continued to July 21, 2020 at 2:30 p.m. The parties further stipulate and respectfully request that the time between June 9, 2020 and July 21, 2020 be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv). The parties stipulate that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendants in a speedy trial, and that a failure to grant the requested exclusion of time would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

IT IS SO STIPULATED.

DATED: June 1, 2020

DAVID L. ANDERSON
United States Attorney

 /s/
SLOAN HEFFRON
Assistant United States Attorney

 /s/
CANDIS MITCHELL
Counsel for Defendant Froylan Sanchez

 /s/
JULIA JAYNE and ASHLEY RISER
Counsel for Defendant Jose Sanchez

STIPULATION AND [PROPOSED] ORDER

**ORDER**

Based on the assertions and agreement of the parties, as set forth in the stipulation dated June 1, 2020, as well as for the reasons set forth in this Court's General Order No. 72-3, this Court finds that a continuance of the status conference from June 9, 2020 to July 21, 2020 at 2:30 p.m. is warranted. The Court further finds that the ends of justice served by excluding time from June 9, 2020 through July 21, 2020 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial, and that a failure to exclude time during this period would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(7)(A), (B)(iv).

Accordingly, IT IS HEREBY ORDERED that the status conference in the above-captioned matter now set for June 9, 2020 be continued to July 21, 2020 at 2:30 p.m. IT IS FURTHER ORDERED that the time from June 9, 2020 through July 21, 2020 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

IT IS SO ORDERED.

DATED: June 1, 2020

_____
HONORABLE RICHARD SEEBORG
United States District Judge