1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

FROYLAN SANCHEZ,

Defendant.

Case No. 19-cr-00700-RS-1

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

## I. INTRODUCTION

Defendant Froylan Sanchez, appearing *pro se*, moves for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), seeking "compassionate release" in light of the COVID-19 pandemic. Sanchez is 32 years old and is serving an 84-month sentence following his convictions for distribution of methamphetamine (three counts) and distribution of cocaine (one count), all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He is currently housed at Federal Correctional Institution Sheridan ("FCI Sheridan"), with an anticipated release date of November 28, 2025, assuming credit for good conduct. He has served approximately 29 months in custody. Sanchez now seeks immediate release, urging the court to reduce his custodial sentence to "time served," to increase his term of supervised release, and to order that he participate in a home confinement program, if available. The motion fails on multiple grounds, and must be denied.

## II.  BACKGROUND

Over the course of three transactions between August and November of 2019, Sanchez and his brother sold nearly 5 pounds of methamphetamine and over 12 grams of cocaine to an undercover agent. In December of 2019, Sanchez and the agent agreed to the sale of an additional three pounds of methamphetamine. When Sanchez and his brother arrived at the agreed-upon meeting location, they were taken into custody. A search of their vehicle uncovered just under 3 pounds of methamphetamine.

That same afternoon, agents executed a federal search warrant at the residence of Sanchez and his brother. Agents found five adults and five children inside the house. One of the adults, a woman, told agents that Sanchez was her boyfriend and that they lived together in one of the home's bedrooms with her daughters, ages three and one. Inside this bedroom, agents located a bag containing approximately four ounces of suspected methamphetamine, a digital scale, and a counterfeit social security card for Sanchez.

Soon thereafter, the Grand Jury indicted Froylan and his brother on multiple charges of distribution of methamphetamine and cocaine. In April of 2021, Sanchez pleaded guilty to all but a single count, which alleged conspiracy. Sanchez entered his guilty pleas without a plea agreement with the government. At the time he committed the offenses charged in this case, Sanchez was in the United States illegally and had been deported to Mexico on at least three prior occasions.

Sanchez had prior felony convictions for possession of a controlled substance, second degree burglary, and illegal re-entry following deportation. He also had prior misdemeanor convictions for possession of a stolen vehicle, possession of false identification, and for challenging another to fight in public place.

Additionally, Sanchez had an open felony assault case that had been charged in Tulare County, and he was subject to at least three outstanding arrest warrants. FCI Sheridan has also received an immigration detainer for Sanchez.

Probation calculated Sanchez's Guidelines range as 188 months to 235 months in custody,

CASE NO.  19-cr-00700-RS-1

United States District Court
Northern District of California

1    but recommended the court vary downward and impose a custodial sentence of 120 months. The

2    government recommended a low-end Guidelines sentence of 188 months. Sanchez asked the court

3    to impose a custodial sentence of 48 months. In support of his request, Sanchez cited, among other

4    things, the fact that he faced deportation upon his release, as well as "the more onerous conditions

5    of custody during the ongoing Coronavirus Disease 2019 (COVID-19) given the combination of

6    poor health care and confined conditions in both Santa Rita Jail and the Bureau of Prisons."

7        Sanchez was sentenced in July of 2021. As noted, he was sentenced to 84 months in

8    custody, of which he has served only 29. His anticipated release date is not before November of

9    2025.

10                                    III. DISCUSSION

11       As an initial matter, Sanchez failed to exhaust his administrative remedies either by

12   requesting that the Federal Bureau of Prisons ("BOP") bring a motion on his behalf or by waiting

13   30 days after filing such a request with the warden. *See United States v. Keller*, 2 F.4th 1278, 1282

14   (9th Cir. 2021). Even if not procedurally barred, however, the motion fails on the merits.

15       Under section 3582, a court may modify a defendant's sentence if "after considering the

16   factors set forth in § 3553(a) to the extent applicable" it finds "extraordinary and compelling

17   reasons warrant such a reduction" and "such a reduction is consistent with applicable policy

18   statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). The relevant Sentencing

19   Commission policy statement sets forth several "extraordinary and compelling reasons." U.S.

20   Sentencing Guidelines, § 1B1.13(1)(A) & cmt. 1. One of these is where the defendant is "suffering

21   from a serious physical or medical condition . . . that substantially diminishes the ability of the

22   defendant to provide self-care within the environment of a correctional facility and from which he

23   or she is not expected to recover." *Id*. § 1B1.13 cmt. 1(A)(ii). The Commission also requires the

24   defendant not pose a danger to the safety of the community. *Id*. § 1B1.13(2). While the court is not

25   limited by the § 1B1.13 commentary in determining what constitutes "extraordinary and

26   compelling reasons," it is instructive.

27       As the basis for his motion, Sanchez cites his "medical conditions and family

28

circumstances, and the significant amount of time he's already served." Regarding his medical conditions, Sanchez lists a variety of ailments and injuries, but fails to show that any of them place him at an increased risk for contracting COVID-19 or for suffering severe consequences or complications from an infection. His primary documented medical condition appears to be lower back pain, which is not a risk factor for COVID-19.

Additionally, Sanchez already contracted COVID-19 while in prison, but he remained largely asymptomatic, and his medical records do not suggest that he experienced any complications while he was infected or thereafter.

Similarly, Sanchez does not describe any "family circumstances" that would bear on a compassionate release in light of the COVID-19 pandemic, or that significantly differ from the situation that existed at the time of his sentencing.

Given that Sanchez has also twice refused to be vaccinated against COVID-19, and the lack of any reason to believe he would be substantially less at risk for re-infection outside prison than in, he has failed to present any extraordinary and compelling reason justifying his early release.

Finally, given the seriousness of Sanchez's crimes, his history of recidivism, and the danger he continues to pose to the community, rebalancing the Section 3553(a) factors weighs against his immediate and early release.

## IV. CONCLUSION

The motion is denied.

**IT IS SO ORDERED**.

Dated: July 14, 2022

RICHARD SEEBORG
Chief United States District Judge