UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>FROYLAN SANCHEZ,<br>　　　　　Defendant. | Case No. 19-cr-00700-RS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

In July of 2021, defendant Froylan Sanchez was committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 84 months, based on his guilty plea to four counts of distribution of methamphetamine and cocaine. In April of 2022, Sanchez filed a "motion for compassionate release," based on alleged medical conditions and the impact of the COVID-19 pandemic. That motion was denied both for failure to exhaust administrative remedies and on the merits. See Dkt. No. 124.

In July of 2022, Sanchez brought a second motion seeking essentially the same relief, on substantially the same grounds, although it appeared he might have by then exhausted his administrative remedies. The motion was also denied. See Dkt. No. 126.

In March of 2023, Sanchez filed a motion that did not clearly set out the nature of the relief sought, but which, liberally construed, could be deemed an attempt to supplement or renew his prior motion(s) for compassionate release, or to seek reconsideration of the prior rulings in this action. That motion was also denied, albeit without prejudice any claims Sanchez in good faith

might pursue in one or more separate civil actions relating to an alleged use of excessive force by a Napa Sheriff's deputy and/or alleged inadequacy of medical treatment at the facility where he is incarcerated. See Dkt. No. 131.

Sanchez has now filed another motion for "reduction in sentence." Although some details differ, the gravamen of his argument again is that as a result of the COVID-19 pandemic, the conditions of his confinement warrant relief. The current motion emphasizes a claim that various aspects of the prison conditions have combined to make Sanchez sentence "more severe" than contemplated at the time of sentencing. Although Sanchez asserts various other inmates at the facility where he is incarcerated have received sentence reductions, he has not demonstrated that his circumstances, viewed as a whole, are comparable.

Although Sanchez has completed more of his sentence since his prior motions were denied, his anticipated release date remains more than two years away. The risks posed by COVID-19 have generally declined, and Sanchez has made no showing that he is especially vulnerable or that early release would materially reduce whatever risk he may face.

In short, Sanchez has again failed to present any extraordinary and compelling reason to justify early release, and given the seriousness of his crimes, his history of recidivism, and the danger he continues to pose to the community, rebalancing the Section 3553(a) factors weighs against any such reduction in sentence.

**IT IS SO ORDERED**.

Dated: August 16, 2023

_____
RICHARD SEEBORG
Chief United States District Judge